UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAJ K. PATEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1658 (UNA) |
| | ) | |
| THE HONORABLE JOE BIDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Raj K. Patel's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* "Petition for a Writ of Mandamus to the Honorable Joe R. Biden or his Honor's Interior Officer to Enforce the Privileges and Immunities Clause Protections of the National Government of the United States Constitution to the Plaintiff – Raj K. Patel 28 U.S.C. § 1391" (ECF No. 1), Motion to Amend Petition for a Writ of Mandamus (ECF No. 4), and Second Motion to Amend Petition for a Writ of Mandamus (ECF No. 6). According to petitioner, he is subjected to "Weapon S," described as "a high-tech psychiatric weapon which indu[c]es stress and depression[.]" Pet. at 5. Weapon S, petitioner believes, "work[s] very similarly to the weapon which induces the Havana Syndrome." *Id.* Among other effects, Weapon S deprives petitioner of "full control of [his] mental faculties," *id.* at 6, and prevents him "from engaging in religious practices" by "interfere[ing] with the religious part of the brain . . . inducing . . . stress and fatigue," *id.* at 7. Petitioner opines that, under the Privileges and

1

Immunities Clause, he is entitled to protection from Weapon S, *see, e.g., id.* at 21, yet none of the federal government officials to whom he complained has enforced this constitutional provision, *see, e.g., id.* at 10, 20.  Here, petitioner demands a writ of mandamus directing all respondents to "deflect" Weapon S.  *See id*. at 26-26.

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'"  *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted).  Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.  Here, the petitioner is ineligible for mandamus relief because his underlying claim is frivolous.  *See Bickford v. Gov't of U.S.*, 808 F. Supp. 2d 175, 182 (D.D.C. 2011) (internal quotation omitted) (holding that "unsupported allegations of bizarre conspiracy theories involving fantastic government manipulations are essentially fictitious and thus will be dismissed" for lack of jurisdiction).

The Court will grant the petitioner leave to proceed *in forma pauperis*, grant leave to amend the petition, deny the request for a writ of mandamus, and dismiss this civil action.  An Order accompanies this Memorandum Opinion.

DATE: June 29, 2022                                /s/
                                                   DABNEY L. FRIEDRICH
                                                   United States District Judge